**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-2550**

MICHELLE HAYWOOD, on her own behalf and on behalf of all others similarly situated,

Plaintiff – Appellant,

v.

FORD MOTOR CREDIT COMPANY LLC,

Defendant – Appellee.

**No. 16-1015**

MICHELLE HAYWOOD, on her own behalf and on behalf of all others similarly situated,

Plaintiff – Appellee,

v.

FORD MOTOR CREDIT COMPANY LLC,

Defendant – Appellant.

Appeals from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:14-cv-01671-JFM)

Argued: October 27, 2016      Decided: April 13, 2017

Before NIEMEYER, KING, and AGEE, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

**ARGUED:** Cory Lev Zajdel, Z LAW, LLC, Timonium, Maryland, for Appellant/Cross-Appellee. Thomas M. Byrne, SUTHERLAND ASBILL & BRENNAN LLP, Atlanta, Georgia, for Appellee/Cross-Appellant. **ON BRIEF:** Valerie S. Sanders, SUTHERLAND ASBILL & BRENNAN LLP, Atlanta, Georgia, for Appellee/Cross-Appellant.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Precipitating these cross-appeals, the district court granted the motion of defendant Ford Motor Credit Company LLC ("Ford") to compel arbitration of the claims asserted by plaintiff Michelle Haywood in her class action against Ford. *See Haywood v. Ford Motor Credit Co.*, No. 1:14-cv-01671 (D. Md. Sept. 30, 2015), ECF No. 50 (the "Arbitration Decision"). Thereafter, rather than staying its proceedings, the court opted to dismiss Haywood's action so that she could seek immediate appellate review of the Arbitration Decision. *See Haywood v. Ford Motor Credit Co.*, No. 1:14-cv-01671 (D. Md. Dec. 3, 2015), ECF No. 55 (the "Dismissal Ruling"). Haywood challenges the Arbitration Decision in her appeal (No. 15-2550), and Ford contests the Dismissal Ruling in its appeal (No. 16-1015).

Following oral argument, the Court of Appeals of Maryland issued its decision in *Cain v. Midland Funding, LLC*, No. 45 (Md. Mar. 24, 2017). Haywood promptly brought the *Cain* decision to our attention as support for her challenge to the Arbitration Decision on the ground that Ford defaulted on its right to demand arbitration. We find it prudent to afford the district court the opportunity to assess in the first instance *Cain*'s impact, if any, on this matter. Accordingly, we vacate and remand for further proceedings.[*]

---

[*] Notably, we need not decide today whether the district court erred in issuing the Dismissal Ruling rather than staying its proceedings. We possess jurisdiction over these appeals because they were taken from "a final decision with respect to an arbitration" under the Federal Arbitration Act. *See* 9 U.S.C. § 16(a)(3); *see also Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86-87 (2000) (concluding that a district court's (Continued)

order compelling arbitration and dismissing a party's underlying claims with prejudice — as the Arbitration Decision and Dismissal Ruling did here — was final and appealable pursuant to § 16(a)(3)).  Even if the Dismissal Ruling was improper, that would not deprive us of jurisdiction to review the Arbitration Decision.  *See Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 271 (3d Cir. 2004).